UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 8 2004

Robert M. March
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CR 03-2486 MCA

GERARDO CORCHADO,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Gerardo Corchado's *Motion in Limine to Exclude Prior Conviction from Being Introduced at Trial* [Doc. No. 14] filed on January 27, 2004, the United States' *Notice of Intent to Use Evidence of Other Crimes Pursuant to Rule 404(b)* [Doc. No. 24] filed on March 31, 2004, and the United States' *Motion in Limine to Exclude Alibi Evidence for Defendant's Failure to Comply with Alibi Notice Requirement Under Federal Rule of Criminal Procedure 12.1* [Doc. No. 26] filed on April 5, 2004. The Court heard arguments from counsel at the Call of the Calendar on April 8, 2004. Having reviewed the parties' written submissions and oral arguments, the relevant law, and being fully advised in the premises, the Court conditionally grants Defendant's motion and excludes the evidence which is the subject of the United States' notice for the reasons set forth below. The United States' motion to exclude alibi evidence is denied as moot based on Defendant's representation that he does not intend to present an alibi defense.



I. **BACKGROUND**

Defendant Gerardo Corchado is charged in an *Indictment* [Doc. No. 33] with two counts of distribution of less than 100 grams of a mixture and substance containing a detectable amount of heroin and one count of employment and use of a person under 18 years of age in a drug-related offense. [Doc. No. 9.] According to the parties' pleadings, Defendant has a prior criminal record which includes a felony conviction dated November 20, 1998, for possession of between five and fifty pounds of marijuana. [Ex. 1 to Doc No. 24.]

On January 27, 2004, Defendant filed a *Motion in Limine* [Doc. No. 14] seeking to exclude evidence of his prior criminal record under Fed. R. Evid. 401, 402, 403, and 404. In its initial response to that motion [Doc. No. 18], the Government represented that it would not seek to admit evidence regarding Defendant's prior conviction for impeachment purposes under Fed. R. Evid. 609 unless Defendant affirmatively denies that conviction in his case-in-chief. The Government's response also stated that it might seek to admit Defendant's prior conviction under Fed. R. Evid. 404(b) in the event that it becomes relevant to one of the permissible purposes stated in that rule.

On March 31, 2004, the United States filed a *Notice of Intention to Use Evidence of Other Crimes Pursuant to Rule 404(b)* [Doc. No. 24] stating its intent to seek admission of Defendant's prior conviction for purposes of showing Defendant's knowledge, intent, and absence of mistake under Fed. R. Evid. 404(b). The United States asserts that these purposes are relevant in this case because one of the elements of an offense charged in the *Indictment*

is that Defendant knowingly possessed a controlled substance. Defendant has filed an *Objection* [Doc. No. 27] to the use of his prior conviction in which he contends that the permissible purposes for admitting such evidence under Fed. R. Evid. 404(b) are not at issue here because he is "completely denying sale of drugs to undercover agents" and not just denying knowledge of the presence or identity of the drugs. Defendant also asserts that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

The Government also filed a motion in limine to exclude alibi evidence. [Doc. No. 26.] At the Call of the Calendar on Thursday, April 8, 2004, defense counsel represented that he does not intend to present an alibi defense because Defendant does not remember where he was on the dates and times in question.

At the Call of the Calendar, the Government announced its intention to question Defendant about whether he possessed between five and fifty pounds of marijuana in 1998 (as indicated in his prior conviction) in the event that Defendant testifies at trial. Defense counsel indicated that Defendant intends to testify at trial but seeks to exclude such questioning relating to the act which gave rise to his prior conviction.

## II. ANALYSIS

Trial courts generally are vested with broad discretion regarding evidentiary rulings on motions in limine. See generally United States v. Wagoner County Real Estate, 278 F.3d 1091, 1099 (10th Cir. 2002). With respect to the admission of evidence under Fed. R. Evid. 404(b) and 609 concerning prior convictions or other acts of the accused in a criminal

3

matter, however, certain limitations apply under both the express language of the rules and the Tenth Circuit's interpretation of those rules.

At this time, it does not appear that the Government is seeking to admit Defendant's prior conviction for impeachment purposes under Fed. R. Evid. 609. Therefore, the Court defers ruling on that issue and confines its analysis to the limitations imposed on the admission of a criminal defendant's prior convictions under Fed. R. Evid. 404(b) and 403.[1]

Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admitted, however, to establish motive, intent, knowledge, preparation, plan, identity, and absence of mistake or accident. See id.; United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000); United States v. Johnson, 42 F.3d 1312, 1315 (10th Cir. 1994).

To determine whether evidence is admissible for one of the purposes stated above, the Court applies the four-part test articulated by the Supreme Court in Huddleston v. United States, 485 U.S. 681, 691-92 (1988). This test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

---

[1] To the extent that the Government intends to question Defendant about his prior possession of marijuana in 1998 without specifically mentioning the prior conviction, the Court defers ruling on that issue as well because the application of these rules of evidence requires additional information about the context in which the questioning arises during trial.

4

Zamora, 222 F.3d at 762 (quoting United States v. Roberts, 185 F.3d 1125, 1141 (10th Cir.1999)).

In this case, the Government seeks to admit evidence of Defendant's prior conviction for a proper purpose under Fed. R. Evid. 404(b), namely to prove his knowledge, intent, and absence of mistake or accident with regard to the possession of the drugs he is charges with distributing.[2] The relevance or probative value of presenting such evidence for these purposes is unclear, however, because Defendant represents that his defense will rely on a theory that completely denies any possession or sale of the drugs in question, and not merely that the drugs were in his possession without his knowledge or by mistake or accident. In addition, the Government has not identified any specific circumstances pertaining to Defendant's prior conviction that would make it probative with respect to the preparation, planning, or *modus operandi* of the offenses with which he is currently charged, or the identity of the perpetrator.

If, as Defendant predicts, the question of whether the drugs were in his possession without his knowledge or by mistake or accident does not become a central issue at trial, then the probative value of his prior conviction is likely to be substantially outweighed by the danger of unfair prejudice and confusion of the issues. In particular, there is a substantial danger that the jury might confuse the purposes for which this evidence is to be considered and erroneously infer that Defendant must have been involved in the sale of the drugs in

---

[2]At the Call of the Calendar, counsel for the Government also mentioned the possibility of using Defendant's prior conviction to prove identity. While the identity of the perpetrator of the crimes charged in the *Indictment* is at issue in this case, the Government has not sufficiently explained how Defendant's prior conviction is probative with respect to this issue.

5

question simply because he was previously convicted of a drug offense. Admitting a prior conviction for the purpose of supporting such an inference is not permissible under Fed. R. Evid. 403 and 404(b), and a limiting instruction is not likely to be curative if Defendant does not claim ignorance, mistake, or accident with respect to the possession of the drugs in question.

For these reasons, the Court conditionally determines that Defendant's prior conviction for possession of marijuana in 1998 is not admissible under Fed. R. Evid. 404(b) or 403 during the Government's case-in-chief. The Court's ruling is subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. The Court defers ruling on whether Defendant's prior conviction is admissible for any purpose during Defendant's case-in-chief or in the event that Defendant testifies. Before eliciting any testimony or exposing the jury to any evidence concerning this subject during trial, counsel are directed to approach the bench or seek leave outside the jury's presence.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion in Limine* [Doc. No. 14] is conditionally granted and evidence of the prior conviction identified in the Government's *Notice* [Doc. No. 24] is conditionally excluded from the trial. The Government's *Motion in Limine to Exclude Alibi Evidence* [Doc. No. 26] is denied as moot.

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion in Limine to Exclude Prior Conviction from Being Introduced at Trial* [Doc. No. 14] is **GRANTED** under the conditions set forth above.

**IT IS FURTHER ORDERED** that the United States' *Motion in Limine to Exclude Alibi Evidence for Defendant's Failure to Comply with Alibi Notice Requirement Under Federal Rule of Criminal Procedure 12.1* [Doc. No. 26] is **DENIED AS MOOT**.

**SO ORDERED** this 8th day of April, 2004, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE